| | | | |
|---|---|---|---|
| Case No. | **CV 19-959-DMG (JDEx)** | Date | July 16, 2019 |
| Title | *St. Paul Mercury Ins. Co., et al. v. Lexington Ins. Co., et al.* | Page | 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT SEVER VARIOUS CLAIMS OR DISMISS THOSE CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION**

On February 8, 2019, Plaintiffs St. Paul Mercury Insurance Company, Fidelity and Guaranty Insurance Company, Travelers Property Casualty Company of America, The Travelers Indemnity Company of Connecticut, St. Paul Fire and Marine Insurance Company, and Fidelity and Guaranty Insurance Underwriters, Inc. filed a Complaint against Defendants Lexington Insurance Company and American International Specialty Lines Insurance Company. [Doc. # 1.] Plaintiffs bring this action for declaratory relief and equitable contribution based on 11 underlying actions in which homeowners sued a real estate developer for purported construction defects. Plaintiffs and Defendants issued various general liability policies to the developer. Plaintiffs claim that Defendants had a duty to defend the developer, but refused to do so, and refused to contribute to the costs that Plaintiffs incurred while defending the developer. *See id.*

After reviewing the Complaint, the Court finds that there may be grounds for severing the action into individual suits involving the policies governing each underlying action. Plaintiffs allege that each of the 11 underlying actions concerns separate residential developments and separate liability policies. Each of the underlying actions also appears to involve a different combination of Plaintiffs that insured the developer. *Compare id.* at ¶¶ 16-17 (stating that St. Paul Mercury Insurance Company and Fidelity and Guaranty Insurance Company issued policies relating to the "Dotson Action") *with id.* at ¶ 24 (stating that Travelers Property Casualty Company of America issued the policy relating to the "Mendoza SB800 Notice of Claim") *and id.* at ¶¶ 31-32 (stating that St. Paul Mercury Insurance Company and Travelers Indemnity Company of Connecticut issued policies relating to the "Boyce Action"). In other words, even though the underlying actions implicate the same developer, it may be more appropriate to adjudicate the disagreements over the duty to defend those actions as separate and distinct disputes.

     Given that the Court may, on its own motion, "drop a party" and "sever any claim against a party," Plaintiffs are hereby **ORDERED TO SHOW CAUSE** why the Court should not sever this action into individual suits concerning the liability policies governing each of the 11 underlying actions. *See* Fed. R. Civ. P. 21; *see also Herklotz v. Parkinson,* 848 F.3d 894, 898 (9th Cir. 2017); *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) ("a district court may sever claims under Rule 21, creating two separate proceedings, so long as the two claims are 'discrete and separate.'").

     Additionally, Plaintiffs' response to the Court's Order to Show Cause ("OSC") shall address whether, in the event that the Court elects to sever the claims relating to each underlying action into separate suits, the Court would have subject matter jurisdiction over each suit. Plaintiffs shall respond to the OSC no later than July 15, 2019. Defendants shall file a response, if any, by July 22, 2019. Plaintiffs shall file a Reply, if any, no later than July 29, 2019. None of these filings shall exceed 10 pages. Thereafter, the matter will stand submitted.

**IT IS SO ORDERED.**